IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **FALCON FINANCIAL, II, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | **6:06-cv-04779-UWC** |
| **JASPER AUTOMOTIVE MANAGEMENT, INC.; JASPER AUTOMOTIVE, INC.; and KENNETH P. SWARTS,** | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION ON PLAINTIFF'S
SUMMARY JUDGMENT MOTION**

Before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 21.) Defendants have not controverted Plaintiff's narrative Summary of Undisputed Facts and the affidavits and other evidentiary submissions in support of the motion.

Based on the undisputed facts, Plaintiff is entitled to judgment as a matter of law.

**FACTS**[1]

1. This a breach of contract action.

---

[1] The facts are construed in the light most favorable to the party opposed to the motion for summary judgment, the Plaintiff

2. The Defendants Jasper Automotive Management, Inc. ("JAMI"), Jasper Automotive, Inc. ("JAI"), and Kenneth P. Swarts ("Swarts") have failed to repay a $4.5 million loan to Plaintiff Falcon Financial, LLC ("Falcon"). (Pl.'s Ex. A, Doc. 23; see also Pl.'s Ex. B, Swarts Depo. at 72.)

3. On October 3, 2000, as part of a loan transaction, Defendants executed a Promissory Note in favor of Plaintiff. The Promissory Note provides, *inter alia*, that in the event of default, "the principal balance, plus all accrued and unpaid interest . . . shall become immediately due and payable without presentment, demand, protest, or notice of any kind, all of which are hereby expressly waived." Pl.'s Ex. B, Ex. 5 to Swarts Depo.)

4. On October 11, 2000, in connection with the loan transaction, Plaintiff and Defendants also entered into a loan agreement, whereby JAI agreed to guarantee the debt and repay upon default of JAMI.

5. On the same day, October 11, Swarts, the President of both JAI and JAMI, agreed to personally guarantee the above-mentioned debt.

6. On March 7, 2003, Swarts, JAI, and JAMI filed an suit against Falcon in this court alleging, inter alia, breach of written and oral contract, fraud, and failure to perform due diligence in investigating the financial condition of the automobile dealership. *See, Swarts et al. v. Falcon Financial, LLC,* (N.D.AL., CV 7:03-cv-

0504-KOB.  On June 12, 2004, the Court granted the Falcon's motion to dismiss a number of the claims brought against it.  This litigation ended on August 13, 2004, when the Court granted Falcon's Motion for Summary judgment on all remaining claims. *Id.*

7. On May 6, 2006, Defendants defaulted on the loan. (Aff. Stephen Spencer ¶ 4; Swarts Depo. 63.)

8. The current amount owed under the contract is $4,746,929.70, representing the principal balance, regular interest, default interest, late fees, and yield maintenance. (Aff. Stephen Spencer ¶ 5.)

9. Under the terms of the loan documents, the entire amount is now due.

10. Pursuant to the loan documents, Defendants are also liable for reasonable attorneys' fees.

11. Plaintiff has incurred reasonable attorneys' fees in the amount of $112,216.24.

12. Falcon is entitled to recover of Defendants the total amount of $4,859,145.94.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material fact and that, based upon the undisputed facts,

the movant is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990); *see also* Fed. R. Civ. P. 56( c).

The party requesting summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which the moving party believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*quoting* Fed. R. Civ. P. 56( c).

When ruling on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party. *See, e.g., Raney v. Vinson Guard Service*, 120 F.3d 1192, 1196 (11th Cir. 1997). "The district court should 'resolve all reasonable doubts about the facts in favor of the nonmoving' ... and draw 'all justifiable inferences ... in his favor ....*" United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991). "All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *See Hayden v. First Nat'l Bank of Mt. Pleasant*, 595 F.2d 994, 996-97 (5th Cir. 1979). The Eleventh Circuit has held that evidence that is merely colorable, conclusory, or conjectural does not create a genuine issue of material fact. *See, e.g., Brown v. City of Clewiston*, 848 F.2d 1534, 1537 (11th Cir. 1988); *Peppers v. Coates*, 887 F.2d

1493, 1498 (11th Cir. 1989).

"When a motion for summary judgment is made and supported..., an adverse party may not rest upon mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided by [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." F.R.Civ. P. 56(e).

## ANALYSIS

Defendants have utterly failed to respond to Plaintiff's Motion for Summary Judgment.

Therefore, based on the undisputed facts, Falcon is entitled to recover of Defendants the total amount of $4,858,320.94 as a matter of law.

## CONCLUSION

By separate order, summary and final judgment shall be entered in favor of Falcon and against the Defendants.

_____
U.W. Clemon
United States District Judge